882 F.2d 361
 KOLA, INC., Plaintiff-Appellant,
v.
UNITED STATES of America; Clayton K. Yeutter, Secretary of
Agriculture;* F. Dale Robertson, Chief, U.S.
Forest Service;** Zane G. Smith, Jr.,
Regional Forester; Richard L. Stauber, Forest Supervisor;
Hal Seyden, District Ranger, Defendants-Appellees.
 No. 88-5940.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 9, 1989.
Decided Aug. 8, 1989.***
 
 Geoffrey K. Willis, Best, Best & Krieger, Riverside, Cal., for plaintiff-appellant.
 James R. Sullivan, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before SNEED, FARRIS and PREGERSON, Circuit Judges.
 
 ORDER
 
 1
 The opinion and dissent filed May 17, 1989, is withdrawn and the attached opinion and dissent is ordered filed.
 
 
 2
 The petition for rehearing with suggestion for rehearing en banc filed May 31, 1989 is now moot.
 
 OPINION
 FARRIS, Circuit Judge:
 
 3
 KOLA, Inc., appeals from the district court's grant of summary judgment to the the United States, the Secretary of Agriculture, and officials of the U.S. Forest Service. KOLA sued to overturn the Forest Service's denial of its request for a special use permit for a broadcast transmitter. We reverse and remand.
 
 I.
 
 4
 KOLA, an FM radio station broadcasting at 99.9 megahertz located in Riverside, California, applied in March 1985 for a special use permit to place a radio broadcast transmitter on Forest Service land on Keller Peak, located in San Bernardino National Forest.[1] The site contains several radio and television facilities. In January 1986, the District Ranger denied KOLA's application, citing concerns with radio frequency interference with other existing and potential broadcast uses at the site. KOLA's appeals to the Forest Supervisor and Regional Forester pursuant to 36 C.F.R. Sec. 211.18(f)(i) were denied in June and November 1986.
 
 
 5
 In December 1986, KOLA filed suit against the federal government seeking declaratory and injunctive relief and damages. Following motions for summary judgment, the district court entered judgment against KOLA in March 1988. The district court concluded that because the Forest Service's denial of the permit application was a matter committed to agency discretion it lacked subject matter jurisdiction to review that decision.
 
 II.
 
 6
 We review the district court's grant of summary judgment, including its application of the relevant substantive law, de novo. No GWEN Alliance of Lane County, Inc. v. Aldridge, 855 F.2d 1380, 1382 (9th Cir.1988). We also review the question of jurisdiction to conduct judicial review de novo. Love v. Thomas, 858 F.2d 1347, 1352 n. 9 (9th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1932, 104 L.Ed.2d 403 (1989). We may affirm a correct result on an alternate basis. Golden Nugget, Inc. v. American Stock Exchange, Inc., 828 F.2d 586, 590 (9th Cir.1987). Whether we will consider an alternate basis for a decision is a prudential matter dependent upon the adequacy of the record and the nature of the issues. Id.
 
 III.
 
 7
 The Administrative Procedure Act grants standing to challenge an agency action to anyone adversely affected by such action, unless the statute under which the action was taken precludes judicial review or the action is committed to agency discretion by law. See 5 U.S.C. Secs. 701(a), 702. In Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), the Supreme Court cautioned that the exception for actions committed to agency discretion is "very narrow [and] applicable in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.' " 401 U.S. at 410, 91 S.Ct. at 821, (quoting S.Rep. No. 752, 99th Cong., 1st Sess. 26 (1945)) (leg. history of APA). A strong presumption exists that the actions of federal agencies are reviewable in federal court. Love, 858 F.2d at 1356; cf. Webster v. Doe, 486 U.S. 592, 108 S.Ct. 2047, 2052-53, 100 L.Ed.2d 632 (1988) (finding CIA personnel decision not subject to review).
 
 
 8
 KOLA alleges that the decision of the Forest Service was arbitrary, capricious, and an abuse of discretion because the Federal Communications Commission has exclusive authority to resolve potential broadcast interference problems. The district court did not evaluate that claim in granting summary judgment on reviewability grounds. The district court decision relied upon Ness Inv. Corp. v. Dept. of Agriculture, 512 F.2d 706 (9th Cir.1975), which considered a Forest Service revocation of a special use permit for a resort. The Ness court held that the denial of a special use permit was not judicially reviewable because the statute--16 U.S.C. Sec. 497--providing the Secretary of Agriculture with power to decide who is qualified to receive a special use permit is "drawn in such broad terms that there is no law to apply." 512 F.2d at 715-16.
 
 
 9
 The Forest Service's adoption of regulations in 1980 setting forth standards for the consideration of special use permits undercuts the Ness court's conclusion that special use permit decisions are not reviewable. See 36 C.F.R. Sec. 251.54-251.56. The effect of the revised regulations on the courts' ability to review special use permit determinations was examined in Methow Valley Citizens Council v. Regional Forester, 833 F.2d 810, 813 (9th Cir.1987), rev'd on other grounds sub nom., Robertson v. Methow Valley Citizens Council, --- U.S. ----, 109 S.Ct. 1835, 104 L.Ed.2d 351 (1989). Methow considered an environmental challenge to the Forest Service's grant of a special use permit to the developers of a recreational ski resort. The Methow court considered two issues: "whether the district court erred in holding that the Regional Forester's decision to issue a special use permit is not reviewable and in its determination that the EIS adequately discussed alternatives to the proposed project...." 833 F.2d at 813. The Methow panel stated that the decision in Ness turned on "the lack of formal guidelines for the issuance of special use permits." 833 F.2d at 813. It then noted that in 1980 the Forest Service issued supplemental regulations, 36 C.F.R. Secs. 251.54-251.56, imposing specific obligations on the Forest Service's consideration of special use permits. Id. The court found that those guidelines were binding and constituted sufficient law to apply to confer jurisdiction and therefore "the Regional Forester's decision to issue a special use permit is subject to judicial review where review involves an inquiry into whether the proper factors were considered by the Forestry Service." Id. at 814 (footnote omitted).
 
 
 10
 The regulations that provided the basis for judicial review in Methow also apply here. The Forest Service argues that Methow 's holding that the regulations provide a basis for judicial review is not applicable to this case because Methow concerned a grant, not a denial, of a permit. We disagree. The regulations provide standards for denying as well as granting permits. See 36 C.F.R. Sec. 251.54(h). The Forest Service's discretion is not unbounded. The district court should have reviewed the Forest Service denial to determine that it was not arbitrary, capricious, or an abuse of discretion.
 
 
 11
 The record would appear to support a finding that the Forest Service did not abuse its discretion, because it considered the proper factors in reaching its decision to reject the permit. Cf. Methow, 833 F.2d at 814. However, because the parties have not fully briefed or argued this issue, we remand the case to the district court for further proceedings. Cf. Golden Nugget, 828 F.2d at 590.
 
 
 12
 Each party shall bear its own costs.
 
 
 13
 REVERSED AND REMANDED.
 
 SNEED, Circuit Judge, dissenting:
 
 14
 I would affirm. To reward a failure to brief fully and to argue all legitimate issues as if the case could turn on each or all such issues is to encourage partial and repetitive appeals. I find no abuse of discretion on the part of the Forest Service. In brief, I stand by our initial, unamended opinion.
 
 
 
 *
 Clayton K. Yeutter is substituted for his predecessor, John R. Block, as Secretary of Agriculture. Fed.R.App.P. 43(c)(1)
 
 
 **
 F. Dale Robertson is substituted for his predecessor, R. Max Peterson, as Chief of the U.S. Forest Service. Id
 
 
 ***
 Opinion filed May 17, 1989, is withdrawn
 
 
 [1]
 Special use permits are based on the Secretary of Agriculture's general authority to protect the national forests contained in 16 U.S.C. Sec. 551. Specific authority "to permit the use and occupancy of suitable areas of land within the national forest ... for the purpose of constructing or maintaining buildings, structures, and facilities for industrial or commercial purposes whenever such use is related to or consistent with other uses on the national forests" is provided by 16 U.S.C. Sec. 497(c). See also 36 C.F.R. 251.53(d)(1)(ii). Specific authority to issue permits for "systems for transmission or reception of radio, television ... and other electronic signals" is provided by 43 U.S.C. Sec. 1761(a)(5) and 36 C.F.R. Sec. 251.53(1)(5). See 43 U.S.C. Sec. 1702(f) (defining rights-of-way to include permits). The regulations setting forth the standards and procedures for a special use authorization permit applications are found at 36 C.F.R. Sec. 251.54